FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONNIE S.,[1]<br><br>          Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>          Defendant. | No.   4:22-cv-5019-EFS<br><br>**ORDER GRANTING PLAINTIFF'S SUMMARY-JUDGMENT MOTION, DENYING DEFENDANT'S SUMMARY-JUDGMENT MOTION, AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff Connie S. appeals the denial of benefits by the Administrative Law Judge (ALJ). Because the ALJ did not inquire as to whether there was an erosion in the occupational base after adding a two-hour walking and standing restriction for the three identified light-work occupations, the ALJ's step-five finding was not supported by substantial evidence. This matter is remanded for further vocational expert testimony to address whether the occupational base was eroded by the more restrictive walking and standing requirements.

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 1

**I.     Five-Step Disability Determination**

A five-step evaluation determines whether a claimant is disabled.[2] Step one assesses whether the claimant is engaged in substantial gainful activity.[3] Step two assesses whether the claimant has a medically severe impairment or combination of impairments that significantly limit the claimant's physical or mental ability to do basic work activities.[4] Step three compares the claimant's impairment or combination of impairments to several recognized by the Commissioner to be so severe as to preclude substantial gainful activity.[5] Step four assesses whether an impairment prevents the claimant from performing work she performed in the past by determining the claimant's residual functional capacity (RFC).[6] Step five assesses whether the claimant can perform other substantial gainful work—work that exists in significant numbers in the national economy—considering the claimant's RFC, age, education, and work experience.[7]

---

[2] 20 C.F.R. §§ 404.1520(a), 416.920(a).

[3] *Id.* §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b).

[4] *Id.* §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c).

[5] *Id.* §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d).

[6] *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[7] *Id.* §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g).

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 2

## II. Background

Plaintiff filed applications seeking disability beginning in October 2018. Although the claims were denied initially and on reconsideration, ALJ Richard Hlaudy found Plaintiff disabled under Title 16 after her 55th birthday in September 2020 but did not find her disabled between her alleged onset date and her 55th birthday.[8]

Plaintiff now challenges the ALJ's denial of benefits under Title 2 and partial denial under Title 16. Plaintiff argues the ALJ's step-five finding was not supported by substantial evidence.

## III. Standard of Review

A district court's review of the Commissioner's final decision is limited.[9] The Commissioner's decision is set aside "only if it is not supported by substantial evidence or is based on legal error."[10] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

---

[8] AR 17–29. Plaintiff's 55th birthday was critical to the disability assessment because the Medical-Vocational Guidelines Rule 202.06 directed a finding of disabled as of her 55th birthday, rendering her eligible for benefits under Title 16 but not under Title 2 because her date last insured was September 30, 2019, which was before her 55th birthday.

[9] 42 U.S.C. § 405(g).

[10] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).

mind might accept as adequate to support a conclusion."[11] Moreover, because it is the role of the ALJ—and not the Court—to weigh conflicting evidence, the Court upholds the ALJ's findings "if they are supported by inferences reasonably drawn from the record."[12] The Court considers the entire record.[13]

Further, the Court may not reverse an ALJ decision due to a harmless error.[14] An error is harmless "where it is inconsequential to the ultimate nondisability determination."[15]

## IV. Analysis

**A. Step Five: The ALJ's step-five finding is not supported by substantial evidence.**

Plaintiff argues the ALJ erred at step five by relying on inadequate vocational expert testimony. The Court agrees.

At step five, the ALJ considers the claimant's background and RFC, along with the testimony of the vocational expert, to decide whether the claimant can

---

[11] *Id.* at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

[12] *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

[13] *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

[14] *Molina*, 674 F.3d at 1111.

[15] *Id.* at 1115 (cleaned up).

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 4

perform jobs that exist in significant numbers either regionally or nationally.[16] The Commissioner has the burden of identifying occupations that exist in significant numbers that the claimant can perform despite her identified limitations.[17] In determining occupational requirements, the ALJ can rely on the Dictionary of Occupational Titles (DOT) and/or obtain vocational-expert testimony about occupational requirements and the availability of the occupations.[18] If the vocational expert's "opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled."[19]

Here, the ALJ found that Plaintiff had the RFC to perform:

---

[16] 20 C.F.R. §§ 404.1520(g), 404.1560(c), 404.1566, 416.920(g), 416.960(c), 416.966; *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Hill*, 698 F.3d at 1161.

[17] 20 C.F.R. §§ 404.1520(g), 416.920(g); *Johnson v. Shalala*, 50 F.3d 1428, 1432 (9th Cir. 1995).

[18] *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020); *Tackett*, 180 F.3d at 1100. *See* Social Security Ruling (SSR) 00–4p, Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions ("We rely primarily on the DOT . . . for information about the requirements of work in the national economy.").

[19] *Gutierrez v. Colvin,* 844 F.3d 804, 807 (9th Cir. 2016).

light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk 2 hours in an 8-hour workday. She can sit 6 hours in an 8-hour workday. She can occasional[ly] climb ramps and stairs. She should never climb ladders, ropes, and scaffolds. She can occasionally stoop, kneel, crouch, or crawl. She is limited to simple, routine, tasks with occasional interaction with coworkers and occasional superficial interaction with public.[20]

At the administrative hearing, the ALJ asked the vocational expert whether there were occupations in the national economy that Plaintiff could perform with this RFC. The vocational expert identified three light-work occupations: office helper,[21]

/

//

///

///

///

---

[20] AR 23

[21] DOT 239.567-010, office helper:

> Performs any combination of following duties in business office of commercial or industrial establishment: Furnishes workers with clerical supplies. Opens, sorts, and distributes incoming mail, and collects, seals, and stamps outgoing mail. Delivers oral or written messages. Collects and distributes paperwork, such as records or timecards, from one department to another. Marks, tabulates, and files articles and records. May use office equipment, such as envelope-sealing machine, letter opener, record shaver, stamping machine, and transcribing machine. May deliver items to other business establishments . . . . May specialize in delivering mail, messages, documents, and packages between departments of . . . . May deliver stock certificates and bonds within and between stock brokerage offices . . . .

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 6

mailroom (private sector),[22] and laundry sorter.[23] The vocational expert testified that, even though these three occupations were classified as light work,[24] the

---

[22] DOT 209.687-026, mail clerk:

> Sorts incoming mail for distribution and dispatches outgoing mail: Opens envelopes by hand or machine. Stamps date and time of receipt on incoming mail. Sorts mail according to destination and type, such as returned letters, adjustments, bills, orders, and payments. Readdresses undeliverable mail bearing incomplete or incorrect address. Examines outgoing mail for appearance and seals envelopes by hand or machine. Stamps outgoing mail by hand or with postage meter. May fold letters or circulars and insert in envelopes . . . . May distribute and collect mail. May weigh mail to determine that postage is correct. May keep record of registered mail. May address mail, using addressing machine . . . . May be designated according to type of mail handled as Mail Clerk, Bills (clerical).

[23] DOT 361.687-014, classifier (laundry):

> [D]istributor; sorter, laundry articles[.] Sorts laundry into lots, such as flatwork, starchwork, and colored articles prior to washing or ironing: Places sorted articles in bins, nets, or baskets, or onto conveyor belt. May weigh flatwork and record weight on laundry ticket. May affix customer's identification mark on articles or fasten identifying pin to nets.

[24] Light work is defined as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 7

occupations could be performed by one who is restricted to standing/walking for two hours. The vocational expert's basis for such knowledge was that he had "conducted onset job analysis for all three sample occupations" and "based on the onsite job analysis measure" such workers were not required to stand/walk for more than 1½–2 hours.[25] The vocational expert stated that his labor market survey involved completing "a minimum of at least one onsite job analysis of all example occupations offered" and he conducted an ergonomic evaluation for two of the three sample occupations (office helper and mail clerk).[26]

The vocational expert had sufficient experience and background to testify as to the exertional demands for these occupations. However, the vocational expert did not testify about whether the occupational base for these occupations erodes when the worker is restricted to 2 hours of standing/walking. The vocational expert's testimony as to occupational availability pertained to the number of "default" positions for these light-work occupations. In this regard, the vocational

---

20 C.F.R. §§ 404.1567(b), 416.967(b). *See also* DOT, App. C, Physical Demands – Strength Rating (defining light work as including a job that requires "working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible").

[25] AR 62.

[26] AR 64–65.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 8

expert testified there were an estimated 165,000 office helper positions, 115,000 mailroom clerk positions, and 85,000 laundry sorter positions nationally—a significant number of positions.[27] However, once the 2-hour standing/walking limitation was added to the light-work RFC for these occupations, the vocational expert did not offer any testimony as to whether the occupational base eroded.

When a claimant's exertional limitations fall between a work range, i.e., sedentary and light work, SSR 83-12 provides:

> Where an individual exertional RFC does not coincide with the definitions of any one of the ranges of work as defined in sections 404.1567 and 416.967 of the regulations, the occupational base is affected and may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability. **The adjudicator will consider the extent of any erosion of the occupational base and access its significance.** In some instances, the restriction will be so slight that it would clearly have little effect on the occupational base. In cases of considerably greater restriction(s), the occupational base will obviously be affected[.] In still other instances, the restrictions of the occupational base will be less obvious.
>
> **Where the extent of erosion of the occupational base is not clear, the adjudicator will need to consult a vocational resource.**[28]

---

[27] AR 61.

[28] SSR 83-12: Titles II and XVI: Capability to do Other Work (emphasis added). *See also Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017) (SSRs "do not carry the force of law, but they are binding on ALJ's nonetheless.").

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 9

Although the vocational expert testified that Plaintiff could perform these three light-work occupations notwithstanding being limited to standing/walking for two hours or less, the vocational expert did not testify as to whether the occupational base for these three light-work occupations was affected by a 2-hour standing/walking limit. That the vocational expert conducted a "minimum of at least one onsite job analysis"[29] for the three occupations and thus knew that Plaintiff could perform, minimally, jobs at those work locations, does not serve as substantial evidence supporting a finding that all the national jobs for the identified occupations could be performed if the worker is restricted to two hours of standing/walking. The vocational expert did not testify as to whether the occupational basis was eroded and thus the ALJ could not assess the significance of the erosion, if any.

The Commissioner argues that any such error is harmless because these three occupations are considered light work—not because they "require a good deal of walking or standing," but because they "involve sitting most of the time with some pushing and pulling of arm or leg controls" or production-rate-pace work that entails the constant pushing and/or pulling of materials even though the weight of the materials is negligible.[30] While that could be accurate, without evidence as to

---

[29] AR 65.

[30] 20 C.F.R. §§ 404.1567(b), 416.967(b); DOT, App. C, Physical demands – Strength Rating.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 10

whether the occupational base was eroded by the 2-hour standing/walking limit, the Court is unable to determine whether there was erosion of the occupational base and, if so, its significance. It is possible that the occupational base is not eroded. However, it is not this Court's role to make this factual finding. The ALJ is required to consider the extent of any erosion of the occupational base and access its significance. The ALJ's findings must be supported by substantial evidence and meaningful explanation to allow for court review.

**B.      Remand: Further proceedings are required.**

The ALJ's step-five error requires remand for additional vocational testimony.[31] Minimally, the vocational expert is to provide testimony as to: 1) whether there is an erosion in the occupational base for officer helper, mailroom clerk (private sector), and laundry sorter if the worker is restricted to two hours of standing/walking; and 2) whether the three occupations—with the restriction to two hours of standing/walking—are more appropriately considered sedentary work.[32] The ALJ is to then make new step-five findings.

---

[31] *See Leon v. Berryhill*, 800 F.3d 1041, 1045 (9th Cir. 2017).

[32] Sedentary work is defined as:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

## V. Conclusion

Because the ALJ erred at step-five, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of **Plaintiff**.

4. This matter is **REVERSED and REMANDED to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)**.

5. The case shall be **CLOSED**.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 15th day of December 2022.

EDWARD F. SHEA
Senior United States District Judge

---

20 C.F.R. §§ 404.1567(a), 416.967(a). *See also* SSR 83-10: Titles II and XVI: Determining Capability to do Other Work – The Medical-Vocational Rules of Appendix 2.

ORDER RULING ON CROSS SUMMARY-JUDGMENT MOTIONS - 12